329 So.2d 1 (1976)
Richard SHEPPARD, Appellant,
v.
Robertha SHEPPARD, Appellee.
No. 47017.
Supreme Court of Florida.
March 10, 1976.
*2 Marc Hauser, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for The State of Florida, amicus curiae.
ENGLAND, Justice.
In this case we are asked to review an order of the Dade County Circuit Court denying Richard Sheppard a default judgment in a marriage dissolution action against his wife. Mr. Sheppard, who is indigent, has not been able to learn the whereabouts of his spouse. He obtained jurisdiction over her in order to begin his lawsuit on the authority of Section 57.081, Florida Statutes (1973), which absolves him of filing and service costs, and Section 49.10(1)(b), Florida Statutes (Supp. 1974). The latter statute substitutes posting for publication in dissolution and certain other cases brought by indigents. When Mrs. Sheppard failed to appear in the suit, he requested a default judgment of divorce. Service of process was perfected under Sections 49.11 and 49.12, Florida Statutes (1973), by posting in three prominent places in the county of residence and by mailing a notice to Mrs. Sheppard at her last known address. When Mrs. Sheppard failed to respond in any way, Mr. Sheppard moved for a default judgment. The trial judge denied his motion on the ground that Section 49.10(1)(b) is unconstitutional, and a direct appeal of that ruling was brought here. We have jurisdiction.[1]
In Grisson v. Dade County[2] we held that indigent persons would not be denied access to the courts in adoption proceedings due to an inability to pay publication costs. That case rested on the holding of the United States Supreme Court in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), to the effect that:
"due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages... . Thus we hold only that a State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed for doing so."
Grissom and Boddie would appear to be dispositive of this case and require a reversal.
In Grissom we suggested that the Legislature could constitutionally authorize alternative methods of giving notice where personal service of process was impossible and media publication was unduly expensive. In response, Section 49.10(1)(b) was enacted and Section 49.12 was amended to accommodate the authorization of posting. The constitutionality of the former depends on whether it provides a procedure reasonably calculated to provide actual notice of the lawsuit.[3] We hold that it does.
There is no process which will guarantee actual notice of a dissolution proceeding when the location of the person being notified is unknown. Publication of notice in a newspaper may be no more effective than publication by posted notice, particularly in less populated areas of the state where gossip induced by the posting might possibly bring the matter to the defendant's *3 attention.[4] Still, no better alternative to personal service has been devised and until a better mechanism is developed or the customs of our society change, the Constitution still requires that an indigent person be given some opportunity to dissolve a marriage with a missing spouse. The posting mechanism devised by the Legislature is reasonably calculated to achieve the intended purpose.
The order of the Dade County Circuit Court is reversed, and this case is remanded for the purpose of entering a default judgment dissolving Mr. Sheppard's marriage.
OVERTON, C.J., and ROBERTS, ADKINS and SUNDBERG, JJ., concur.
HATCHETT, J., concurs with an opinion.
BOYD, J., dissents.
HATCHETT, Justice (concurring).
I concur in the judgment of the Court and in the view that the posting procedure which the legislature has prescribed by Fla. Stat. § 49.11 (1973) is fully consistent with due process, in the narrow class of cases in which it is authorized by Fla. Stat. § 49.10(1)(b) (1974 Supp.), specifically dissolution and adoption proceedings. I write to point out that the legislature has not purported to authorize the adjudication of property rights on the basis of such service. In my opinion, any such legislation would present a significantly different problem.
NOTES
[1] Fla. Const., Art. V, § 3(b)(1).
[2] 293 So.2d 59 (Fla. 1974).
[3] See, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
[4] We note that the Legislature has amended the posting statute to eliminate Dade, Broward and Duval counties. Chapter 75-205, Laws of Florida (1975). This amendment may signify either a legislative judgment that notice by newspaper publication is more effective than posting in these metropolitan areas, or merely a reaction to the lower court's decision in this case. In either event, we find nothing in the amendment to alter our conclusion that the two alternatives to personal service  posting and newspaper publication  may be practical equivalents in dissolution matters.